LAW OFFICES OF RODNEY
BRIDGERS, LLLC

RODNEY P. BRIDGERS, JR. 9505
707 Richards Street, Ste. 526
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593
rod@helpingemployeeshi.com

Attorney for Plaintiff
AIEA LORIN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| AIEA LORIN, | CIVIL NO. |
| | (Other Civil Action) |
| Plaintiff, | |
| vs. | |
| CONVATEC, INC., | **COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |
| Defendant. | |

**COMPLAINT**

COMES NOW Plaintiff AIEA LORIN ("Plaintiff") by and through her attorney, RODNEY P. BRIDGERS, JR., and hereby complains against the above-mentioned Defendant CONVATEC, INC. and alleges and avers as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is based on the fact that this case is brought pursuant to Title VII of U.S. Civil Rights Act of 1964, as amended, 42 U.S. 2000e, et seq. . Plaintiff claims that Defendant violated her rights under this Act.

2. Further, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 (a). Plaintiff and Defendant are citizens of different States and the amount in controversy vastly exceeds $75,000.00.

3. Plaintiff has brought additional claims under the laws of the State of Hawaii. This Honorable Court enjoys jurisdiction over the state claims as they arise under the same set of facts as the Title VII claim.

4. The acts, omissions, and transactions alleged herein occurred entirely within the State of Hawaii. Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in this Court.

## II. PARTIES

5. Plaintiff AIEA LORIN ("Plaintiff") is and was a citizen of the City & County of Honolulu at all times pertinent hereto.

6. Defendant CONVATEC, INC. ("Defendant") is a foreign for-profit corporation incorporated in the State of Delaware with a principal place of business in the State of New Jersey.

7. At all times relevant herein, all employees or agents of Defendant were acting within the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein.

8. Therefore, Defendant is directly liable for the conduct of their agents and/or employees.

9. Defendant is also liable under the rules and regulations of the doctrines of strict liability, respondeat superior, vicarious liability and/or agency.

10. Plaintiff complied with all conditions precedent before bringing this action.

## III. STATEMENT OF FACTS

11. Defendant is a 46 year-old Filipina-Pacific Islander female.

12. Plaintiff was employed by Defendant as a Territory Manager on March 24, 2015.

13. Based upon her hard work and success, Defendant promoted Plaintiff several times.

14. On July 6, 2020, Defendant named Plaintiff to be its Director-North America Training Lead.

15. Plaintiff flourished in her role as Defendant's Director-North America Training Lead despite the onset of COVID.

16. Plaintiff created new and innovative structures that afforded her direct

reports the opportunity to have remote meetings while Defendant's headquarters was shuttered.

17. Defendant's North America Sales Team thrived under Plaintiff's leadership.

18. Beginning in March 2022, Plaintiff was subjected to illegal race discrimination in Defendant's workplace.

19. The onset of the racial discrimination was occasioned by Defendant hiring an African American female, Karen Stewart, as Plaintiff's supervisor.

20. Ms. Stewart treated Plaintiff differently than she treated her African American subordinates.

21. Ms. Stewart favored African American employees over employees of other races such as Plaintiff.

22. The racial discrimination intensified in June 2022 when Plaintiff attended a remote sales session that included an African American salesperson, Shyann Anderson, who did not report to Plaintiff.

23. Ms. Stewart joined the remote sales meeting, albeit well into the sales meeting.

24. Prior to Ms. Stewart belatedly joining the remote sales meeting. Shyann Anderson ranted negatively and unprofessionally about her direct reports.

25. The hostility of Ms. Anderson's comments was upsetting to the attendees.

26. A Caucasian male, Mr. Doyle tried to lighten the mood by stating that his responsibility was training, and that Ms. Anderson was responsible for motivating her team.

27. During this exchange, Ms. Stewart joined the remote sales meeting in progress.

28. Subsequently, Ms. Anderson told her supervisor that Mr. Doyle had subjected her to a hostile work environment.

29. Ms. Stewart, who had not witnessed Ms. Anderson's unprofessional and hostile rant, quickly sided with the African American worker and later chastised Plaintiff for not taking action against the Caucasian employee.

30. Of note, Ms. Stewart would have been the most senior person attending the remote meeting.

31. As such, it was Ms. Stewart's responsibility to take action if any was warranted; it was not the responsibility of Plaintiff.

32. Ms. Stewart accused Plaintiff of becoming desensitized to violence because she was not Black.

33. Ms. Stewart impressed upon Plaintiff that she felt that Plaintiff, as a non-Black person, could not appreciate the alleged violence of Mr. Doyle's remark.

34. Plaintiff objected to Ms. Stewart's actions and conduct.

35. Plaintiff ask Ms. Stewart why she was condemning her but had not taken any action in response to a complaint Plaintiff had made about a Causation vice-president yelled at her in a similar meeting and making unprofessional comments about Plaintiff to Plaintiff's staff before Plaintiff joined the remote meeting.

36. Ms. Stewart was unable to explain the obvious disparate approach to the incidents.

37. In retaliation for opposing the illegal race discrimination in Defendant's workplace, Defendant elected to immediately terminate Plaintiff's employment.

38. To hide the illegal motive behind Plaintiff's termination, Defendant hatched a plan to eliminate Plaintiff's job position.

39. The pretextual nature of Defendant's stated reason for terminating Plaintiff is revealed by the fact that Defendant maintained the same position for its European staff.

40. Further, Plaintiff's duties were consumed by Ms. Stewart even though Ms. Stewart was not qualified to perform or familiar with Plaintiff's duties.

41. Further, Plaintiff was not offered another position with Defendant.

42. As a result of the unlawful discrimination and harassment to which Defendant subjected Plaintiff based upon her race, and the retaliation she suffered in Defendant's workplace, Plaintiff has suffered general and special damages in amounts to be shown at trial and is entitled to all equitable and legal remedies and compensatory and punitive damages.

IV. CLAIMS FOR RELIEF

**Violations of Title VII of the Civil Rights Act of 1964, as amended**

43. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

44. This fundamental provision of the Civil Rights Act of 1964 prohibited discrimination by employers on the basis of color, race, sex, national origin, or religion.

45. Relevant portions of said Act state:

SEC. 2000e-2. [Section 703]

" (a) Employer practices

It shall be an unlawful employment practice for an employer –

> (1 ) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

46. Defendant discriminated against Plaintiff due to her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

47. Defendant failed to provide Plaintiff with employment conditions where she could safely work free from illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

48. Defendant failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein in violation of Title VII of the Civil Rights Act of 1964, as amended.

49. Defendant illegally discriminated against Plaintiff due to her race in

violation of Title VII of the Civil Rights Act of 1964, as amended.

50. As a result of the foregoing acts of illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff suffered and continues to suffer emotional distress, humiliation, damage to her reputation, loss of income, loss of wage earning capacity, attorneys' fees and costs, and general and special damages in an amount to be proven at trial and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under Title VII of the Civil Rights Act of 1964, as amended.

**VIOLATIONS OF H.R.S. § 378**

51. Plaintiff hereby restates and incorporates by reference for all purposes as if now set forth verbatim the allegations contained in forgoing paragraphs.

52. Hawaii Revised Statutes (H.R.S.) § 378-2 provides in pertinent part:

> (a) It shall be an unlawful discrimination practice:
>
> (1) Because of . . . race … . :
>
> (A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in terms, conditions, or privileges of employment [.]

53. Defendant has discriminated against Plaintiff due to her race in violation of H.R.S. § 378.

54. Defendant failed to provide Plaintiff with employment conditions where she could safely work free from illegal discrimination in violation of H.R.S. § 378.

55. Defendant failed to take prompt, reasonable, or effective remedial action to prevent or cease the discrimination described herein in violation of H.R.S. § 378.

56. Defendant illegally discriminated against Plaintiff due to her race in violation of H.R.S. §378-2.

58. As a result of the foregoing acts of illegal discrimination and retaliation in violation of H.R.S. §378-2, Plaintiff has suffered emotional distress, humiliation, distress, damage to her reputation, loss of income, loss of wage earning capacity, general and special damages in an amount to be proven at trial, attorneys' fees, and costs, and is entitled to all equitable and legal remedies and damages including, but not limited to, all remedies allowable under H.R.S. § 378.

PUNITIVE DAMAGES

59. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

60. In performing all of the acts and omissions described above, Defendant, through their agents, employees, and/or representatives, acted intentionally, willfully, wantonly, oppressively, or with gross negligence, and/or

with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which raises a presumption of a conscious indifference to the consequences of their conduct.

61. Defendant is therefore liable to Plaintiff for punitive damages in amounts to be proven at trial.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.

WHEREFORE, Plaintiff prays for Judgment against the Defendant as follows:

1. For special damages in amounts to be proven at trial.
2. For general damages in amounts to be proven at trial.
3. For punitive damages in amounts to be proven at trial.
4. For reasonable attorneys’ fees and costs.
5. For further legal and equitable relief as provided for by law.
6. For all such other relief as the Court deems reasonable and

proper.

DATED: Honolulu, Hawai'i, this 26th day of May 2023.

/s/Rodney P. Bridgers, Jr.
RODNEY P. BRIDGERS, JR.

Attorney for Plaintiff
AIEA LORIN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| AIEA LORIN, | ) | CIVIL NO. |
| | ) | (Other Civil Action) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONVATEC, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff AIEA LORIN, by and through her undersigned counsel, and hereby demands a trial by jury on all issues so triable.

DATED: Honolulu, Hawai'i, May 26, 2023.

/s/ Rodney P. Bridgers. Jr.
RODNEY P. BRIDGERS, JR.

Attorney for Plaintiff
AIEA LORIN